IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ORVEL LLOYD | * | |
|     Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-1159 |
| MELANIE BROCK | * | |
| C. BERKETT | | |
| CARMEN SNEDOM | * | |
| JOHN M. MALONEY | | |
| In their individual and official capacities. | * | |
|     Defendants | | |

\*\*\*

MEMORANDUM

The following background information is culled from *Lloyd v. Grant, et al.*, Civil Action No. AMD-05-2744 (D. Md.).[1] On August 24, 1978, plaintiff was sentenced in the Circuit Court for Prince George's County, Maryland, to serve 20 years for robbery with a deadly weapon and 15 years consecutive for a related hand gun violation. He remained in the custody of the Maryland Division of Correction ("DOC") until February 5, 1980.

From February 6, 1980, to February 17, 1988, plaintiff was in the custody of the Florida Department of Correction serving a sentence for crimes committed there. Plaintiff returned to the custody of the Maryland DOC on February 18, 1988. In 1988, plaintiff's Maryland commitment record was changed to reflect (1) the award of 128 days credit for pre-trial incarceration, and (2) a modified aggregate sentence of 30 years. Plaintiff later sought relief from the Maryland courts to have all diminution credits earned while he was serving his concurrent Florida sentence applied to his Maryland term of confinement. On May 21, 1996, an order was issued by the Circuit Court for

---

[1] In *Lloyd v. Grant, et al.*, Civil Action No. AMD-05-2744 (D. Md.), plaintiff complained that the detainer issued by the Maryland Parole Commission was improper because: (1) all of the diminution of confinement credits to which he is entitled were not applied to his Maryland sentence; (2) he served more time than required by law; and (3) he should no longer be required to serve more time on the Maryland term of confinement. That case, construed as a 28 U.S.C. § 2241 petition, was dismissed on January 10, 2006.

Prince George's County requiring the award of diminution of confinement credits earned by plaintiff from November 7, 1979, through February 18, 1988. In 1999, plaintiff filed a petition for writ of habeas corpus in the circuit court, claiming that the Maryland DOC was not complying with the 1996 order. The circuit court denied the petition.

On November 16, 2000, plaintiff was paroled by the Maryland Parole Commission and returned to Florida for service of a sentence. At the time of parole his mandatory release date on the Maryland convictions was April 26, 2001. The expiration date of plaintiff's Maryland sentences, which remains unchanged by diminution of confinement credits, was April 18, 2008. On November 10, 2004, the Maryland Parole Commission lodged a parole violation detainer with the Florida Department of Correction.

Plaintiff remains confined at the Union Correctional Institution in Raiford, Florida. On February 22, 2006, he filed a complaint for injunctive relief and damages against a Maryland parole agent, two Maryland parole commissioners, and an assistant state's attorney from Prince George's County, Maryland, invoking jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1343. *See Lloyd v. Brock, et al.,* Civil Action No. AMD-06-457 (D. Md. 2006). Plaintiff alleged that: (1) his Maryland parole detainer warrant is "bogus;" (2) he was not provided a hearing on the detainer to comport with due process; (3) the detainer was not accompanied by certified commitment or fingerprints; (4) the detainer was lodged past his mandatory prison sentence, as he has fully served his Maryland sentences; and (5) Assistant State's Attorney John Maloney improperly sought to correct his commitment order to increase his sentence in violation of due process and the prohibition against double jeopardy. *See Lloyd v. Brock, et al.,* Civil Action No. AMD-06-457 (D. Md.) at Paper No. 1.

On April 17, 2006, this court filed a Memorandum and Order granting plaintiff leave to proceed in *forma pauperis* but summarily dismissing his cause of action without prejudice. *See Lloyd v. Brock, et al.,* Civil Action No. AMD-06-457 (D. Md. 2006) at Paper Nos. 3 & 4. The court found that: (1) Assistant State's Attorney Maloney, along with Commissioners Berkett and Snedom, are immune from §1983 claims for damages; (2) plaintiff had failed to show injury from Assistant State's Attorney Maloney's actions; (3) the court would not enjoin pending state court modification proceedings; (4) plaintiff's claim for damages on his parole violation detainer was not subject to review under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);[2] (5) the court would not enjoin the Maryland Parole Commission's actions in lodging a detainer; and (6) plaintiff had failed to set out a complaint under 28 U.S.C. § 1332 diversity jurisdiction. *Id*.

On May 8, 2006, plaintiff filed the instant case. The complaint is identical to the complaint filed in *Lloyd v. Brock, et al.,* Civil Action No. AMD-06-457 (D. Md.). Because the plaintiff fails to provide any novel or additional factual statements warranting review of the re-filed matter, the court shall dismiss the case for those reasons previously articulated in its earlier Memorandum and Order.

Filed: May 10, 2006                      __/s/_____
                                                                                 Andre M. Davis
                                                             United States District Judge

---

[2] In dismissing this particular claim, the court noted that a number of circuits have held that *Heck* applies to decisions concerning parole. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *White v. Gittens*, 121 F.3d 803, 806-07 (1st Cir. 1997); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). The Fourth Circuit has joined that position by unpublished decision. *See Gibbs v. S.C. Dep't of Prob.*, No. 97- 7741, 1999 WL 9941 (4th Cir. Jan.12, 1999) (Section 1983 action based upon probation revocation which would implicate subsequent imprisonment was barred by *Heck*).